LUCERO, J.,
concurring.
I agree with my colleagues that Hernandez has failed to establish the requisite showing necessary to overcome qualified immunity. Rather than reaching the question of whether the alleged constitutional violation was clearly established, however, I would instead limit our holding to the proposition that there was no constitutional violation.
I write separately because the majority proceeds to unnecessarily reach the second prong of the qualified immunity analysis, and in doing so, interjects dicta about plaintiffs’ obligations in this context.
My colleagues acknowledge that Hernandez severely beat Lopez, and that it “appears the defendant-officers’ arrest and prosecution of Mr. Lopez was amply justified.” (Majority Order 3.) They then proceed to dismantle Hernandez’s argument that two newly discovered facts negate the probable cause required for his second arrest. Having revealed the weakness in *701 Hernandez’s argument, the majority concludes that “even under the district court’s own reasoning, this case never cleared qualified immunity’s first hurdle.” (Id. at 5.)
I agree with this conclusion. Hernandez admits that he injured Lopez severely enough to warrant a trip to the hospital. Despite the suspect timing of the decision to arrest Hernandez a second time, the injuries inflicted on Lopez meet the statutory definition of criminal battery. See N.M. Stat. Ann. § 30-3-4. Accordingly, as the majority acknowledges, there was probable cause to arrest Hernandez, and thus no constitutional violation. Because “we need only find that the plaintiff[] failed either requirement” of the qualified immunity inquiry, this should be the end of the analysis. Swanson v. Town of Mountain View, 577 F.3d 1196, 1199 (10th Cir.2009).
The majority, however, proceeds to examine whether the non-existent violation contravenes clearly established law. My colleagues conclude that Hernandez fails on the second prong of the qualified immunity analysis merely because he failed to cite analogous case law. Yet as we have explained, it would place “an impracticable burden on plaintiffs if we required them to cite a factually identical case before determining they showed the law was ‘clearly established’ and cleared the qualified immunity hurdle.” Clanton v. Cooper, 129 F.3d 1147, 1156-57 (10th Cir.1997) (quotation omitted). This is especially true when “the reasonableness inquiry necessarily turns on the cases’ particular facts.” Id. at 1156 (quotation omitted). Nevertheless, Hernandez’s citation to case law indicating that it “has long been clearly established that knowingly arresting a defendant without probable cause ... violates the Fourth Amendment” is deemed inadequate. Wilkins v. DeReyes, 528 F.3d 790, 805 (10th Cir.2008).
Having unanimously concluded that there was no constitutional violation, I consider the decision to reach the second prong of qualified immunity and the ensuing analysis gratuitous in nature.